## DONNA WALKER *v.* COMMISSIONER, DEPARTMENT OF INCOME MAINTENANCE

SPEZIALE, C. J., PETERS, HEALEY, ARMENTANO and SHEA, Js.

Argued February 9—decision released June 29, 1982

*Jo Anne Miner,* for the appellant (plaintiff).

*Wendell S. Gates,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellee (defendant).

SPEZIALE, C. J. The question before us is whether the plaintiff's request for payment of her moving expenses was properly denied by the defendant.

The plaintiff, Donna Walker, was a recipient of public assistance benefits under a program administered by the defendant, the commissioner of the department of income maintenance. She sought unsuccessfully to obtain payment from the defendant for moving expenses. The plaintiff requested and obtained a hearing before a departmental hearing officer who sustained the department's denial. The plaintiff appealed to the Superior Court which dismissed the appeal. From that judgment the plaintiff, upon the granting of certification, appealed to this court.

The facts underlying this appeal are not in dispute. The plaintiff was a recipient of benefits under the aid to families with dependent children (hereinafter AFDC) program administered by the defendant. On January 16, 1979, the defendant received a request from the plaintiff for payment of the expenses incurred in an already completed move. That request was denied by the defendant on the ground that the plaintiff had failed to obtain approval of the expenses prior to moving. Although the plaintiff had mentioned her impending move during an eligibility redetermination interview which occurred on December 22, 1978, she did not ask for help nor was she advised to seek such help prior to moving. The plaintiff had received financial assistance for an earlier move in 1977, and was aware from that experience that the defendant would pay only the lowest of three estimates from movers, but was not aware that payment would be made only if the estimates were submitted and payment was approved in advance. At the time of the move in question, the plaintiff obtained three estimates from movers but did not submit them to the

defendant until after the move was completed.[1] The plaintiff's request was denied by the defendant solely on the basis that she had not obtained authorization prior to her move.

The plaintiff's request for payment of her moving expenses was based on the following provision of the regulations of the department of income maintenance: "MOVING EXPENSES. Assistance will be provided to meet the expenses of moving household and personal belongings when it is *necessary* for the recipient to change living arrangements. Estimates of cost are secured from a reputable mover and the most economical local rate is used." Department of Social Services Manual, Volume I, index 5030, p. 3. It is the policy of the defendant to require approval of the moving expenses prior to the move. There is, in fact, an interdepartmental bulletin, not generally available to the public, dated February 25, 1975, which expressly includes moving expenses among those special items requiring prior approval by the district director.

Before we can decide whether the plaintiff's request for payment of her moving expenses was properly denied by the defendant we must first answer two subsidiary questions: (1) whether the requirement of prior approval is implicit in the regulation and, if not, (2) whether the requirement of prior approval has a sufficiently substantial effect upon the rights of a party as to constitute a regulation subject to the formalities of promulgation required by the Uniform Administrative Procedure Act (hereinafter UAPA), General Statutes §§ 4-166 through 4-189.

[1] The plaintiff, after securing estimates from movers, decided to move herself by renting a trailer. The total expenses at issue in this case are $97.92.

As to the first question, the defendant contends that the prior approval policy is implicitly a part of the "Moving expenses" regulation and that, therefore, the policy was applied properly in denying the plaintiff's request. There is, however, no merit to this contention. Although the regulation makes clear that only expenses for necessary moves will be paid based on the most economical rate as determined by estimates, there is nothing in the regulation which even suggests—let alone provides notice—that this determination must be made prior to the move. Whether a move is necessary and what the most economical rate is can both be determined as readily after the move as before. The policy of prior approval is not implicitly a part of the regulation; therefore, we address the second question.

The plaintiff contends that the prior approval policy has a substantial impact on her rights and on those of others applying for these benefits and, therefore, that the policy is a regulation subject to the requirements of the UAPA. The defendant contends that the prior approval policy is only a detail concerning the procedure of administering the regulation and does not involve any substantive rights which would raise it to the level of a regulation. The trial court agreed with the defendant's contention and dismissed the plaintiff's appeal on this basis.

The department of income maintenance is subject to the provisions of the UAPA. The UAPA provides specific procedures for the adoption, amendment, or repeal of regulations. See General Statutes §§ 4-168, 4-169, 4-170, and 4-172. The defendant does not claim that the prior approval

policy was adopted as a regulation under the procedures prescribed by the UAPA; rather, the defendant maintains that the policy is not a "regulation" subject to the requirements of the UAPA. See *Salmon Brook Convalescent Home, Inc.* v. *Commission on Hospitals & Health Care,* 177 Conn. 356, 361, 417 A.2d 358 (1979).

The UAPA defines the term "regulation" as "each agency statement of general applicability, without regard to its designation, that implements, interprets, or prescribes law or policy, or describes the organization, procedure, or practice requirements of any agency. The term includes the amendment or repeal of a prior regulation, but does not include (A) statements concerning only the internal management of any agency and not affecting private rights or procedures available to the public, (B) declaratory rulings issued pursuant to section 4-176, or (C) intra-agency or interagency memoranda." General Statutes § 4-166 (7). "The criteria that determine whether administrative action is a 'regulation' are neither linguistic nor formalistic. It is not conclusive that an agency has, or has not, denominated its action a 'regulation' or that it has, or has not, promulgated it procedurally in the fashion that would be required of a 'regulation.' *Lewis-Mota* v. *Secretary of Labor,* 469 F.2d 478, 481–82 (2d Cir. 1972); *Salmon Brook Convalescent Home, Inc.* v. *Commission on Hospitals & Health Care,* 177 Conn. 356, 362, 417 A.2d 358 (1979). See also *Greenwich* v. *Connecticut Transportation Authority,* 166 Conn. 337, 345, 348 A.2d 596 (1974). The test is, rather, whether 'a rule has a substantial impact on the rights and obligations of parties who may appear before the agency in the future.' *Salmon*

*Brook Convalescent Home, Inc.,* supra, 362." (Footnote omitted.) *Maloney* v. *Pac,* 183 Conn. 313, 325–26, 439 A.2d 349 (1981).

The prior approval policy is a statement of general applicability because it applies to all AFDC recipients seeking help with their moving expenses. See *Maloney* v. *Pac,* supra, 326–27. The policy also affects the substantial rights of potential recipients in ways in which purely procedural requirements, such as requiring particular information on specific forms, do not. The policy has the effect of denying the payment of moving expenses to anyone who would otherwise qualify so long as prior approval has not been obtained, regardless of whether there was good cause for this failure—indeed, regardless of whether the failure to obtain prior approval might have been due to the defendant's delay in responding to the request. It is not difficult to envision AFDC recipients who find it not only necessary to move but also necessary to move within a short period of time. The prior approval policy would deny benefits to such persons if they could not delay their move long enough to obtain prior approval. This policy, therefore, concerns more than the department's internal management; it affects the substantial rights of the potential recipients.[2]

Because the prior approval policy is a statement "of general applicability . . . that implements, interprets, or prescribes law or policy" and is not a statement "concerning only the internal management of" the department which does not affect

[2] This is not to suggest that the prior approval policy can not or should not be a part of the defendant's requirements for the payment of particular expenses so long as the policy is made a part of the regulation in the manner prescribed by the UAPA.

"private rights," it is a regulation under the UAPA. See General Statutes § 4-166 (7). As a regulation subject to the UAPA, the policy was required to be promulgated with certain formalities. Because the policy was not so promulgated, it may not be enforced to deny the payment of moving expenses for which an applicant is otherwise qualified.

There is error, the judgment dismissing the plaintiff's appeal is set aside and the case is remanded to the Superior Court with direction that judgment be rendered for the plaintiff.

In this opinion the other judges concurred.