## LOUISE RICHARD *v.* COMMISSIONER OF INCOME MAINTENANCE
### (13742)

SHEA, GLASS, COVELLO, HULL and SANTANIELLO, Js.

Argued January 30—decision released April 24, 1990

*Judith I. Solomon,* for the appellant (plaintiff).

*Martin Rosenfeld,* assistant attorney general, with whom, on the brief, was *Clarine Nardi Riddle,* attorney general, for the appellee (defendant).

COVELLO, J. This is an administrative appeal from a decision of the commissioner of the department of income maintenance (DIM). The sole issue is whether the commissioner gave adequate public notice of his intention to adopt new Medicaid regulations. We agree with the trial court that the notice was adequate and therefore find no error.

The plaintiff's husband receives Title XIX (Medicaid) assistance. On June 27, 1988, DIM notified the plaintiff of a reduction in her husband's benefits. This in turn resulted in a reduction in the amount of her husband's income that was diverted to her.

On July 6, 1988, pursuant to General Statutes § 17-2a, the plaintiff requested a fair hearing to contest DIM's action.[1] On August 1, 1988, a hearing was

---

[1] General Statutes § 17-2a provides in part: "An aggrieved person authorized by law to request a fair hearing on a decision of the commissioner of income maintenance . . . may make application for such hearing . . . and shall state in such application in simple language the reasons why he claims to be aggrieved."

held at the plaintiff's home. On September 8, 1988, pursuant to General Statutes § 17-2b, the fair hearing officer issued a decision that concluded, inter alia, that as of October 1, 1988, the plaintiff's benefits would be reduced. On September 30, 1988, pursuant to General Statutes §§ 17-2b and 4-183, the plaintiff appealed to the Superior Court[2] claiming, inter alia, that the defendant's action "was made upon unlawful procedure, and is clearly erroneous." Specifically, the plaintiff claimed that public notice of the commissioner's intention to adopt a new public assistance policy manual was inadequate and not in compliance with the applicable provision of the Uniform Administrative Procedure Act, General Statutes § 4-168 (a).[3]

On June 8, 1989, the trial court concluded that the commissioner's notice to the public complied with § 4-168 (a), that the new public assistance policy manual that reduced the plaintiff's benefits was therefore

[2] General Statutes § 17-2b provides in part: "(a) Not later than sixty days after such hearing . . . the commissioner or his designated hearing officer shall render a final decision . . . .

"(b) The applicant . . . if aggrieved, may appeal therefrom in accordance with section 4-183. . . ."

When this appeal was commenced, General Statutes § 4-183 provided in part: "(a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review by way of appeal under this chapter . . . .

"(b) Proceedings for such appeal shall be instituted by filing a petition in superior court . . . ."

An amendment to this section became effective July 1, 1989.

[3] General Statutes § 4-168 (a) provides in part: "[A]n agency, prior to adopting a proposed regulation, shall: (1) Give . . . notice by publication in the Connecticut Law Journal of its intended action. The notice shall include (A) either a statement of the terms or of the substance of the proposed regulation or a description sufficiently detailed so as to apprise persons likely to be affected of the issues and subjects involved in the proposed regulation . . . ."

Extensive revisions of the Uniform Administrative Procedure Act became effective on July 1, 1989. While the language of § 4-168 (a) was slightly modified, there was no substantive change in its requirements. See Public Acts 1988, No. 88-317, effective July 1, 1989.

validly promulgated, and rendered judgment dismissing the appeal. On July 2, 1989, the plaintiff appealed to the Appellate Court. We thereafter transferred the matter to ourselves in accordance with Practice Book § 4023.

On appeal, the plaintiff asks us to focus solely on her claim that the notice furnished by the commissioner did not comply with § 4-168 (a) and, therefore, that DIM's new public assistance policy manual was not promulgated in accordance with the legislature's mandate; General Statutes § 17-3f (c); and that the new manual be adopted in accordance with the Uniform Administrative Procedure Act.[4] Examination of the record discloses that on January 6, 1987, DIM published a notice of intent to adopt regulations in the Connecticut Law Journal.[5] The notice stated, inter alia: "These new regu-

---

[4] In 1985 the General Assembly, in apparent response to our holdings in *Persico* v. *Maher,* 191 Conn. 384, 465 A.2d 308 (1983), and *Walker* v. *Commissioner,* 187 Conn. 458, 446 A.2d 822 (1982), enacted Public Acts 1985, No. 85-564, codified in part as General Statutes § 17-3f (c), directing DIM to replace its public assistance policy manual. Section 17-3f (c) provides: "By January 1, 1987, the department of income maintenance shall replace its state public assistance policy manual with a new manual which is adopted in accordance with the provisions of chapter 54 [Uniform Administrative Procedure Act] and which sets forth in clear and concise language the policies and procedures to be used by the department in implementing and enforcing federal and state laws. The department may operate under a policy in the new recipient eligibility and benefit policy manual while it is in the process of adopting the manual in regulation form, provided the department shall print a notice of intent to adopt regulations relating to recipient eligibility and benefits in the Connecticut Law Journal within twenty days of issuing the policy."

[5] The notice provided:
"DEPARTMENT OF INCOME MAINTENANCE
"Notice of Intent to Adopt Regulations
"In accordance with the provisions of subsection (a) of Section 4-168 of the Connecticut General Statutes, notice is given that the Commissioner of Income Maintenance proposes to adopt regulations replacing its State Social Services Policy Manual with a new manual, as required by Connecticut General Statutes Section 17-3f, as amended by Public Acts 85-564 and 86-415. These new regulations are designed to set forth in clear and con-

lations are designed to set forth in clear and concise language the policies and procedures used by the department in implementing and enforcing federal and

cise language the policies and procedures used by the department in implementing and enforcing federal and state law. In particular, the regulations (Manual) restate and/or revise the policies and procedures of the Department as they relate to the eligibility requirements for such programs as Aid to Families with Dependent Children, Medicaid, State Supplement, and Food Stamps and Refugee Assistance. The new manual contains all department policy regulations and substantive procedure which affect the rights or procedures available to the public pertaining to program eligibility.

"All regulatory provisions contained in the present policy Manual will be repealed on the effective date of the new regulations (Manual). In addition, the following sections of the Regulations of Connecticut State Agencies will be repealed:

"17-2-1 through 17-2-3; 17-2-4a; 17-2-5a; 17-2-6; 17-2-7a through 17-2-25; 17-2-26a; 17-2-26b; 17-2-28 through 17-2-65; 17-2-70 through 17-2-76; 17-2-84; 17-2-85; 17-2-104 through 17-2-113; 17-2-118; 17-2-131 through 17-2-139; 17-2-179 through 17-2-183; 17-2-187; 17-2-188; 17-2-205; 17-2a-1 through 17-2a-2; 17-2b-1 through 17-2b-3; 17-2e-1; 17-11-2; 17-12a-1; 17-12a-2; 17-12a-16; 17-82b-1 through 17-82b-11; 17-82q-1 through 17-82q-16; 17-85-1 through 17-85-101; 17-86-1; 17-86a-1; 17-134d-1; 17-134d-3 through 17-134d-6; 17-134d-26; 17-134d-27; 17-134d-32.

"The manual is divided into the following sections:

| | |
|---|---|
| Rights and Responsibilities | 1000 |
| The Eligibility Process | 1500 |
| Assistance Unit Composition | 2000 |
| Categorical Eligibility Requirements | 2500 |
| Treatment of Income | 3000 |
| Treatment of Assets | 3500 |
| Technical Eligibility Requirements | 4000 |
| Procedural Eligibility Requirements | 4500 |
| Standards of Assistance | 5000 |
| Income Eligibility | 5500 |
| Calculation of Benefits | 6000 |
| Benefit Issuance | 6500 |
| Benefit Error | 7000 |
| Recovery | 7500 |
| Special Programs | 8000 |
| Special Benefits | 9000 |

"Pending the formal adoption of the new manual in regulation form the Department will operate under the new policies, as authorized pursuant to Public Act 86-415. This publication further notices the intent of the

state law. In particular, the regulations (Manual) restate and/or revise the policies and procedures of the Department as they relate to the eligibility requirements for such programs as Aid to Families with

Department to operate under the new manual provisions, in accordance with the following implementation schedule:

"Group I - Implementation Target - March 1987

    Assistance Unit Composition

    Rights and Responsibilities

    Special Benefits

    Special Programs

    Benefit Issuance

    Technical Eligibility Requirements

"Group II - Implementation Target - June 1987

    Categorical Eligibility Requirements

    Treatment of Assets

    Procedural Eligibility Requirements

    Recovery

    The Eligibility Process

"Group III - Implementation Target - September 1987

    Treatment of Income

    Income Eligibility

    Calculation of Benefits

    Standards of Assistance

    Benefit Error

"Statement of purpose: To implement the provisions of Connecticut General Statutes § 17-3f, as amended by Public Acts No. 85-564 and 86-415, directing the Commissioner of the Department of Income Maintenance to develop a new eligibility policy manual in accordance with the provisions of Chapter 54, and authorizing the operation under said manual pending formal adoption.

"Copies of the full text of the new manual are available at no cost upon request from the Policy Unit, Department of Income Maintenance, Hartford, Connecticut 06106.

"Persons wishing to present their views regarding this regulation may do so at public hearings to be held from 9:00 a.m. to 3:00 p.m. on February 3, 4 and 5 in the Policy Conference Room at the Connecticut Department of Income Maintenance, 110 Bartholomew Avenue, Hartford, Connecticut 06106. In addition, within thirty (30) days of the publication of this notice written comments regarding this regulation may be submitted to the Commissioner of Income Maintenance, 110 Bartholomew Avenue, Hartford, Connecticut 06106, Attention: John Ford, Director of Program Policy.

"When submitting comments, please refer to regulation number 87-3/NRB."

Dependent Children, Medicaid, State Supplement, and Food Stamps and Refugee Assistance. The new manual contains all department policy regulations and substantive procedure which affect the rights or procedures available to the public pertaining to program eligibility. . . . Copies of the full text of the new manual are available at no cost upon request from the Policy Unit, Department of Income Maintenance, Hartford, Connecticut 06106. . . ."

Section 4-168 (a) sets forth the required content of a notice of intent to adopt regulations. On January 6, 1987, the date the notice was published in the Connecticut Law Journal,[6] subsection (a) (1) (A) specified in part: "The notice shall include (A) either a statement of the terms or of the substance of the proposed regulation or a description sufficiently detailed so as to apprise persons likely to be affected of the issues and subjects involved in the proposed regulation, (B) a statement of the purposes for which the regulation is proposed, (C) a reference to the statutory authority for the proposed regulation and (D) the time when, the place where and the manner in which interested persons may present their views thereon."

The plaintiff first argues that the notice did not comply with subsection (a) (1) (A) in that it was not sufficiently specific so as fairly to advise those affected of the terms and substance of the proposed manual and the issues and subjects involved. We do not agree.

Subsection (a) (1) (A) requires either "a statement of the terms" or "of the substance" or a "description sufficiently detailed" all to the end that "persons likely to be affected" are apprised "of the issues and subjects involved . . . ." In this connection, the notice first states that the commissioner "proposes to adopt regulations replacing its State Social Services Policy Manual with a new manual." It specifically recites that the

---

[6] See footnote 3, supra.

Manual "restate[s] and/or revise[s] the policies and procedures of [DIM] as they relate to the eligibility requirements for such programs as Aid to Families with Dependent Children, *Medicaid*, State Supplement, and Food Stamps and Refugee Assistance." (Emphasis added.)

"Substance" defines the essential nature, essence or quality of a document or thing. Webster, Third New International Dictionary. Even the most casual reader of this notice has to be aware that: (1) the Social Services Policy Manual is being replaced; (2) policies and procedures concerning eligibility requirements are being restated or revised; and (3) the programs implicated include Medicaid. We conclude that this constitutes the fair "statement of the . . . substance" of the proposed revisions that § 4-168 (a) (1) (A) requires.

The DIM notice went on to list specifically, in their entirety, the manual's sixteen chapter or section headings. These included, inter alia, "Treatment of Income," "Standards of Assistance," and "Calculation of Benefits." The reader is thus specially notified "of the issues and subjects involved in the proposed regulation," again, exactly as § 4-168 (a) (1) (A) directs.

The plaintiff next argues that the DIM notice did not comply with § 4-168 (a) (1) (B) in that it contained an inadequate "statement of the purposes for which the regulation is proposed." In this connection, the DIM notice stated: "Statement of purpose: To implement the provisions of Connecticut General Statutes § 17-3f, as amended by Public Acts No. 85-564 and [No.] 86-415, directing the Commissioner of the Department of Income Maintenance to develop a new eligibility policy manual in accordance with the provisions of Chapter 54, and authorizing the operation under said manual pending formal adoption." Although this was a complete and accurate statement,[7] the plaintiff argues that

---

[7] See footnote 3, supra.

there was no statement of the purpose of any of the *rule changes* embodied in the manual. This was not required. Section 17-3f (c) did not mandate the promulgation of a new regulation but rather directed DIM to replace its policy manual, which was to be "adopted in accordance with the provisions of chapter 54 [Uniform Administrative Procedure Act]." Thus, in articulating a "statement of the purposes" as required by § 4-168 (a) (1) (B), DIM was charged with describing the reasons for the adoption of the entire manual, not the reason for the adoption of each of its parts as the plaintiff claims. We conclude that the statement of purpose contained in the notice complied with the statute.

There is no error.

In this opinion the other justices concurred.