[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Paul Germano, acting by his conservatrix, Josephine Germano, appeals the final decision of the defendant Department of Income Maintenance denying the plaintiff Title XIX medical assistance benefits. The department's decision was rendered following a fair hearing held on October 25, 1990, pursuant to Conn. Gen. Stats. 17-2a. This appeal is brought pursuant to Conn. Gen. Stats. 17-2b and 4-183.
On July 7, 1989, the plaintiff submitted to the defendant department an application for Title XIX medical assistance benefits. The application showed the plaintiff possesses funds on deposit in a bank in the amount of $1,942.56. It also disclosed that the plaintiff's only income other than social security payments consisted of an annuity which would terminate on November 16, 1989. Between July 1989 and February 1990, the plaintiff submitted additional information concerning his assets. In May 1990, the department obtained a bank statement showing the plaintiff's balance as $1,650.43 as of May 11, 1990. Later during that month, the department determined that the plaintiff had reduced his bank balance to less than $1,600.00. The department then approved the application and awarded benefits retroactively, commencing May 1, 1990.
The plaintiff's appeal asserts three principal grounds for reversing or modifying the department's decision. First, he claims the department erred in not granting benefits as of the application date, July 7, 1989. Second, he claims the department failed to act in a timely manner. Third, he claims the department failed to provide necessary information and advice to the plaintiff's representative concerning applying and qualifying for benefits. The defendant neither briefed nor presented oral argument on the timeliness issue, and the court considers it to have been abandoned. In his brief and at oral argument, the plaintiff changed his position with respect to the date of his eligibility. He now claims he should have been awarded benefits retroactive to February 1, 1990.
The basis of the department's decision to deny medical assistance benefits until May 1, 1990, was that Conn. Gen. Stats. 17-134a through 17-134c, and Section 4005.10 of the department's Uniform Policy Manual establish a maximum asset level of $1,600.00 for any applicant for such benefits. Section 4005.15 of the policy manual provides that an applicant is "ineligible until the first day of the month in which (he) reduces (his) equity in counted assets to within the asset CT Page 8023 limit." The policy manual is the equivalent of a state regulation and, as such, carries the force of law. Conn. Gen. Stats. 17-3f (c); Richards v. Commissioner of Income Maintenance, 214 Conn. 601 (1990); Griffin Hospital v. Commission on Hospitals and Health Care, 200 Conn. 489 (1986).
The plaintiff does not dispute that he was required to comply with the $1,600.00 asset level requirement. He claims, however, that he reduced his assets to that level or below during February 1990 and thus was entitled to receive benefits beginning the first of that month. The court has carefully examined the record, including especially the testimony at the fair hearing of Ruth Germano, the plaintiff's daughter-in-law. She had accepted the task of handling the application for her mother-in-law, the plaintiff's conservatrix, whose English language skills were insufficient. Ms. Germano testified that she had written two checks, in the amounts of $1,926.62 and $9.00, which had not cleared during February. She claimed that if those checks were subtracted from the amount in the account, the balance would be $1,600.00. She admitted, however, during her testimony that interest paid by the bank during that month amounted to $15.65, which would bring the balance up to $1,615.65. As indicated above, there was also evidence in the form of a statement furnished by the bank to the department that as of May 11, 1990, the bank balance was $1,650.43. In short, there is substantial evidence in the record to support the department's conclusion that the plaintiff's assets, in the form of his bank account, exceeded the $1,600.00 maximum until at least May 11, 1990.
The plaintiff also argues that the department's decision should be modified because the department could and should have advised the plaintiff precisely how to reduce his assets to the required level because of the particular circumstances of this case. This contention cannot be sustained. The plaintiff points to no statute or regulation which creates such an absolute obligation on the department. Furthermore, the record does indicate that department representatives met with and corresponded with Ms. Germano while the plaintiff's application was pending, in an effort to explain the asset limit requirement.
The court concludes that the plaintiff has failed to sustain his burden of proving that the defendant department's decision was in violation of any statute or regulation, was clearly erroneous in view of the evidence on the record, or was an abuse of discretion. Rather, the court finds that there was substantial evidence to support the decision and that the decision complied with applicable law and regulations. CT Page 8024
The circumstances of this case inspire considerable sympathy for the plaintiff and his family. Their obvious efforts to conform the plaintiff's financial situation to the requirements of the Title XIX regulations were consistently and frustratingly just short of the mark. Nevertheless, the department was powerless to go beyond the statutes and regulations that it is responsible for administering. Castro v. Viera, 207 Conn. 420, 428 (1988).
For all of the reasons set forth above, the court finds the issues for the defendant Department of Income Maintenance, and the appeal is, accordingly, dismissed.
MALONEY, J.