[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Robert L. Klopp appeals the decision of the defendant commissioner of income maintenance, rendered by her fair hearing officer, denying the application for general assistance that the plaintiff had submitted to the city of New Haven. The fair hearing officer acted pursuant to General Statutes 17-283a and 17-292f and Regs. Conn. Agencies 17-3a-17(J) (11). The plaintiff's appeal is authorized by General Statutes 17-292f and 4-183. The court finds the issues in favor of the defendant commissioner.
During oral argument at the hearing on this appeal, the plaintiff withdrew his objections to the assignment of the case to the Hartford courthouse and to the judge CT Page 3890 assigned to hear the appeal. The court considered the plaintiff's objections to the late filings of the answer, record and defendant's briefs. The court overruled those objections as within its discretion to do so.
Certain essential facts are not in dispute and fully reflected in the record. The plaintiff has brought a civil lawsuit against a third party, based on alleged employment discrimination, which is currently before the federal court of appeals, pending its decision on a motion to dismiss. The plaintiff is a recipient of disability benefits paid by the Veterans Administration. In July 1992, the plaintiff applied to the city of New Haven for general assistance benefits pursuant to General Statutes 17-273 et seq. He refused, however, to execute an assignment of his interest in the pending lawsuit. The city denied his application for that reason, and that denial was affirmed by the city after a hearing.
Following a fair hearing conducted by a fair hearing officer designated by the defendant commissioner, the officer rendered a final decision affirming the denial of general assistance. The basis of the decision was that the plaintiff refused to execute an assignment of his interest in the lawsuit as required by statute and regulation. In response to the plaintiff's claim, the fair hearing officer also stated that the law and regulations require that the amount of the plaintiff's Veteran Administration benefits be taken into account in determining the plaintiff's needs, as part of the process of calculating his general assistance benefits.
The plaintiff raises two issues as the bases of his appeal: (1) that the law does not require him to execute an assignment of his interest in the lawsuit; and (2) that the fair hearing officer erroneously determined that the plaintiff's VA benefits must be an offset against his general assistance benefits.
General Statutes 17-283a(a) provides that a city has a claim against the proceeds of any cause of action successfully maintained by a recipient of general assistance. The city's claim is for the full amount of the assistance paid or fifty percent of the net proceeds, whichever is less. The city's claim is a lien against the CT Page 3891 proceeds and "(t)he proceeds of such (cause) of action shall be assignable to the (city) for payment of such lien. . ."
Section 17-3a-17(J) (11) of the General Assistance Policy Manual of the department of income maintenance provides, in relevant part, that "an applicant . . . who has an interest in . . . a cause of action must agree to an assignment of interest. . . in order to qualify for General Assistance." See also Chapter III, page 355, which provides, in relevant part, "(T)he town is required to take an assignment of interest against the proceeds of any pending . . . cause of action held by a recipient."
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through4-189), and the scope of that review is very restricted. . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotations marks omitted.) Board of Education v. Freedom of Information Commission, 208 Conn. 442, 452 (1988).
"(V)alidly enacted regulations of an administrative agency carry the force of statutory law." Griffin Hospital v. Commission on Hospitals and Health Care,200 Conn. 489, 497 (1986). The department's policy manual is the equivalent of a state regulation and, as such, carries the force of law. General Statutes 17-3f(c); Richards v. Commissioner, 214 Conn. 601 (1990).
"Although the construction and interpretation of a statute is a question of law for the courts to decide . . . it is a well established practice of (the) court to accord great deference to the construction given (a) statute by the agency charged with its enforcement." Starr v. Commissioner of Environmental Protection,226 Conn. 358, 372 (1993). "This principle applies with even greater force to an agency's interpretation of its own duly adopted regulations." Griffin Hospital v. Commission on Hospitals and Health Care, 200 Conn. 489, 497 (1986). CT Page 3892 It is undisputed that the department of income maintenance is responsible for enforcing the statutes and regulations in question. This court is required, therefore, to accord great deference to the interpretation of those statutes and regulations given by the department's fair hearing officer. This does not mean that the court must abdicate its adjudicative function in interpreting the law, but it does mean that where there are different but equally plausible interpretations of a statute or regulation, the court must give due deference to that followed by the administrative agency concerned. Starr v. Commissioner, supra 376.
In this case, the hearing officer interpreted the applicable statute and regulations to mean that an applicant for general assistance from a city who has a pending lawsuit against a third party must execute an assignment of any proceeds of that suit in favor of the city. Of course, the city could later enforce that assignment only to the extent of its legal interest; that is, the full amount of any general assistance advanced to the applicant or fifty percent of the proceeds of the suit, net of expenses, whichever is less. The statute and regulations are completely clear that the assignment is a precondition to eligibility for general assistance. Such a requirement is reasonable and consistent with the purpose of the general assistance program, which is to provide financial assistance to individuals based on their needs and taking into account their tangible and intangible assets. The court concludes that the fair hearing officer correctly interpreted the law and regulations concerning the assignment of the plaintiff's cause of action.
The hearing officer concluded that the plaintiff's application had to be rejected in its entirety because of his refusal to execute the required assignment. It was not necessary for him to rule on the plaintiff's contentions concerning his VA benefits, therefore, because those issues would be significant only if the application had been approved and it had become necessary to calculate the proper benefit. That did not happen, of course. The court affirms the hearing officer's decision denying the plaintiff's application and, accordingly, declines to consider, in this appeal, the issue of the CT Page 3893 treatment of VA benefits in calculating general assistance benefits.
The appeal is dismissed.
MALONEY, J.