[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
This is an appeal brought under the provision of § 7-255
of the Conn. Gen. Stat. regarding the increase of a sewer connection fee from $575.00 to $1,150.00 as a result of actions taken by the defendant Commission at a meeting on June 21, 1993, and a subsequent meeting of the defendant on June 24, 1993, wherein the date of collection was established to be July 1, 1993.
The plaintiff claims the actions of the defendant was illegal, arbitrary and in abuse of its discretion in that no notice was given as to when the connection fee was due and payable CT Page 4625 inspite of the fact that the time for payment was discussed at the June 24th meeting and that no notice of the date for payment had ever been stated in any notice of a meeting.
The plaintiff is requesting the court to sustain the appeal and reverse the actions of the defendant Board.
At a court hearing the plaintiff, Timothy Bobroske, testified that he was the owner and developer of 12 1/2 acres of land being developed for senior housing. Fifty-four units had been approved. The increase in the connection charges would adversely affect his ability to construct the planned housing. He also testified that he attempted to prepay the connection charges at the rate of $575.00 per unit but was advised that prepayment was not possible and his check was returned. He also admitted that he did not apply for a connection permit between June 21, 1993 and July 1, 1993 (the date when the connection fee was due and payable).
Sec. 7-255 of the Conn. Gen. Stat. provides in part "any person aggrieved by any charge for connection with or the use of a sewerage system may appeal to the superior court. . . ." Based on the above evidence, the court finds that the plaintiff is an aggrieved person within the purview of § 7-255
and has standing to take the appeal.
The claims of the plaintiff are that the legal notice for the June 21, 1993 public hearing, although stating that an increase would be sought, did not specify when the increase fee would go into effect, thus rendering the notice insufficient. The further claim is that a subsequent meeting of the defendant held on June 24, 1993, was improper because the agenda did not specifically refer to the effective date of collection of the increased fee.
It is the position of the defendant that the published notice of the public hearing for June 21, 1993 was proper and that it apprised those who are affected as to the notice and the character of the meeting.
The court has reviewed the legal notice of the public hearing for June 21, 1993. (Defendant's Exhibit I). Part of that notice states:
"2. To allow residents to be heard relative CT Page 4626 to the proposed increase in the Connection Fee for those individuals planning on connecting into the Town of Plymouth sewer connection. An increase of five hundred seventy-five dollars ($575.00) per connection has been proposed."
The court finds that the language of the notice clearly indicates the nature of the action proposed and allows any person so interested to respond at the meeting. [Pizzola v.Planning Zoning Commission], 167 Conn. 202, 207-08; [Danseyarv. Zoning Board of Appeals], 164 Conn. 325, 330. Substance is the essential nature, essence or quality of a matter. [Richardv. Commissioner of Income Maintenance], 214 Conn. 601, 608.
The second claim of the plaintiff refers to a special meeting of the defendant Board held on June 24, 1993. It should be first noted that this meeting did not invoke a [publichearing] but rather was simply a special meeting of the defendant board itself. Notice of that meeting and its agenda was filed with the Office of the Town Clerk in accordance with Conn. Gen. Stat. § 1-21. (Defendant's Exhibit I). Sec. 3 of that notice states:
 "3. Discussion and voting — Establish policy for collection and enforcement of collections charge."
Since this notice meets the legal requirements, the plaintiff's claims as to this second meeting are not justified and cannot serve as a basis for a reversal of action of the Board.
For the reasons stated above, the appeal is dismissed and judgment may enter for the defendant.
HARRY N. JACKAWAY JUDGE, SUPERIOR COURT