[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs Dennis Scinto and Donald Scinto, co-executors of the estate of their mother, Rose Scinto, deceased, appeal the decision of the defendant commissioner of income maintenance denying Rose Scinto certain long term medical benefits under the Title XIX Medicare program. The commissioner acted pursuant to Title 17 of the general statutes and regulations promulgated thereunder. The plaintiffs appeal pursuant to General Statutes § 4-183. The court finds the issues in favor of the defendant commissioner.
A threshold question that the court must address is that of its jurisdiction. The agency mailed the final decision in this case to the parties on September 14, 1993. General Statutes § 4-183(a) provides that an appeal of an administrative decision must be served on all parties of record and filed in the superior court "(w)ithin forty-five days after mailing of the final decision . . . or, if there is no mailing, within forty-five days after personal delivery of the final decision under CT Page 396-H (§ 4-180)." Failure to file an appeal within the forty-five day time period deprives the court of subject matter jurisdiction. Glastonbury Volunteer AmbulanceAssociation, Inc. v. Freedom of Information Commission etal, 227 Conn. 848 (1993).
The front page of the complaint on appeal, which is in the court's file, shows two filing dates stamped by the clerk's office. The first is October 29, 1993, which is crossed out in ink. The second is November 9, 1993, which is not crossed out. October 9 is within the statutory forty-five day period; November 9 exceeds that period.
The commissioner has filed a brief urging the court to dismiss the appeal for lack of subject matter jurisdiction on the basis that the appeal was filed late. Neither party offered any evidence, however, to explain why two dates appear or why and by whom one of them was crossed out. "Where a decision as to whether a court has subject matter jurisdiction is required, every CT Page 396-I presumption favoring jurisdiction should be indulged."Killingly v. Connecticut Siting Council, 220 Conn. 516,522 (1991). In accordance with that rule and in the absence of any persuasive evidence to the contrary, the court finds that the appeal in this case was filed on October 29, 1993, within the period required by statute.
The facts essential to the court's decision on the merits of the appeal are not in dispute and are fully reflected in the record. In September 1988, the decedent, Rose Scinto, was living in a house owned by her in Bridgeport. Her son, plaintiff Dennis Scinto, lived there with her. The decedent underwent eye surgery at that time and was discharged from the hospital to her home. From November 1988 to January 18, 1989, Dennis Scinto provided constant and essential post-operative care, including administering medication. Thereafter, until October 1991, the decedent and Dennis Scinto continued to occupy the house together, and he continued to care for her, although the level of such necessary care was decreased. On October 23, 1991, the decedent suffered a stroke and CT Page 396-J was hospitalized. On January 8, 1992, the decedent was discharged from the hospital and entered a long term care facility.
During the period when Dennis Scinto was living with the decedent and until she died, he and his brother assumed responsibility for paying her bills. On October 31, 1991, while the decedent was in the hospital recovering from the stroke, she withdrew $12,063 from a bank account and deposited the money in Dennis Scinto's bank account. On November 11, 1991, the decedent conveyed her house by quitclaim deed to Dennis Scinto. The value of the house at the time of the conveyance was $100,000. She did not receive any consideration for those transfers.
When the decedent entered the nursing home, she applied for Title XIX Medicare benefits to cover the cost. The department of income maintenance (now the department of social services) determined that the decedent was eligible for the benefits but was subject to CT Page 396-K a twenty-six month penalty period on account of the transfers for which she received inadequate compensation, which the department valued at $109,686.76.
The decedent requested and received a fair hearing on the department's decision. At the hearing, the decedent was represented by counsel and presented extensive evidence and testimony, including the testimony of her sons and medical reports covering her condition during the two years prior to her entering the nursing home.
Following the hearing, the fair hearing officer rendered a final decision affirming the department's denial of benefits for the length of the penalty period. In his decision, the hearing officer rejected the decedent's contention that the transfer of the house was exempt from penalty under federal and state statutes and regulations. These afford an exemption when the transferee is a child of the applicant who has lived with the applicant in the house and furnished care enabling CT Page 396-L the applicant to avoid being institutionalized. It is the decision on that issue that is the basis of the plaintiffs' appeal to this court.
The federal Medicaid statute, 42 U.S.C. § 1396p(2) (A)(iv), provides, in relevant part, "An individual shall not be ineligible for medical assistance . . . to the extent that . . . the assets transferred were a home and title to the home was transferred to
 a (child of the individual) who was residing in such individual's home for a period of at least two years immediately before the date the individual becomes an institutionalized individual and who (as determined by the State) provided care to such individual which permitted such individual to reside at home rather than in an such an institution or facility.
The comparable state regulation, Uniform Policy CT Page 396-M Manual § 3027.10 A.5, provides that an individual may transfer a home without penalty to a son or daughter "who was residing in the home for a period of at least two years immediately before the date the individual is institutionalized; and provided care to the individual which avoided the need of institutionalizing him or her during those two years."
In his final decision, the fair hearing officer held that the law and regulations require that for a transfer to be exempt from penalty "the transferor must receive services which would be essential to avoid institutionalization for a period of at least two years." The fair hearing officer then found as fact that although "the appellant's son lived with the appellant and was a primary care giver during the post operative recovery period," he did not prove that he "provided care for his mother which avoided her institutionalization." Accordingly, he determined that the transfer of the home was not exempt from the penalty.
On appeal to this court, the plaintiffs contend that CT Page 396-N the fair hearing officer applied an incorrect and overly severe standard for qualifying for the exemption. They argue that the federal statute does not require that the child provide two years of continuous care that avoids institutionalization. Rather, they claim that the federal law only requires that the child provide some such care during the two year period. The more rigorous test provided in the state regulation must give way to the standard provided in the federal statute, they argue, based on the rule of federal supremacy. Their argument may not be sustained.
Congress expressly delegated to the states the power to determine the amount of necessary care to be provided by the child in order to exempt the gift of the home from penalty. That is the clear import of the phrase "as determined by the State" in 42 U.S.C. § 1396p(c)(2)(A)(iv), quoted above. Accordingly, the state of Connecticut, acting through the commissioner and the department of social services had the power to make that determination either by statute or regulation. They did so in § 3027.10 CT Page 396-O A.5 of the department's Uniform Policy Manual, quoted above. The policy manual is the equivalent of a state regulation and, as such, carries the force of state law.Richards v. Commissioner, 214 Conn. 601 (1990).
"Although the construction and interpretation of a statute is a question of law for the courts to decide . . . it is a well established practice of (the) court to accord great deference to the construction given (a) statute by the agency charged with its enforcement."Starr v. Commissioner of Environmental Protection,226 Conn. 358, 372 (1993). "This principle applies with even greater force to an agency's interpretation of its own duly adopted regulations." Griffin Hospital v. Commissionon Hospitals and Health Care, 200 Conn. 489, 497 (1986). In this case, the fair hearing officer's application of the standard of necessary care is clearly in accord with the plain language of the regulation. The plaintiffs' arguments to the contrary may not be sustained.
As noted, the fair hearing officer found that the CT Page 396-P care rendered to his mother by Dennis Scinto, although obviously important, was not such that it avoided her institutionalization. Accordingly, he determined that it would not qualify the transfer of the home for exemption regardless of the duration of the care. This was a finding of fact, and it was based on the fair hearing officer's assessment of the voluminous testimony and evidence adduced at the fair hearing.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(f) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Conn. Building Wrecking Co. v.Carrothers, 218 Conn. 580, 601 (1991). "In determining whether an administrative finding is supported by `substantial evidence,' a court must defer to CT Page 396-Q the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part." (Citations and internal quotation marks omitted).Briggs v. State Employees Retirement Commission,210 Conn. 214, 217 (1989). These familiar principles dictate that the court may not disturb the fair hearing officer's finding of fact with respect to the nature of the care that Dennis Scinto provided to his mother while living with her prior to her institutionalization.
For all of the reasons set forth above, the court concludes that the fair hearing officer's final decision must be affirmed.
The appeal is dismissed.