[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Rosemary Barnes appeals the final decision of the defendant commissioner of social services denying her request that her son, Carlos, be included as part of her family assistance unit in calculating her Aid to Families with Dependent Children (AFDC) benefits. The commissioner acted pursuant to federal and state AFDC statutes and regulations and in particular General Statutes § 17-82d, which authorizes the commissioner to administer the AFDC program in the state. The plaintiff's appeal is authorized by § 4-183.
During the period of time in question, the plaintiff received AFDC benefits for the care of four of her children but not for Carlos. Carlos was committed to the custody of the department of children and families (DCF) from June 7, 1991 to May 2, 1994. During that time he lived in a foster home, and DCF made payments to his foster parents for his care and support.
In May 1993, Carlos began a program of extended visitation with his mother, the plaintiff, in accordance with a treatment plan devised by DCF and in preparation for his ultimate return to her home. By July 1993, Carlos was spending four days per week with the plaintiff and the rest of the time in the foster home. During most of this period, DCF paid the plaintiff $3.05 for each day of visitation in addition to the amounts it paid to the foster family. On May 2, 1994, DCF returned Carlos to the full time custody of the plaintiff.
In January 1994, while Carlos was still placed in the foster home but spending four days per week with the plaintiff, the plaintiff requested that her AFDC award be increased by adding Carlos to her family unit. Following a fair hearing, the hearing officer, acting in behalf of the commissioner issued a final decision denying the plaintiff's request. It is that decision that is the subject of this appeal.
The basis of the plaintiff's appeal is her contention that the commissioner erroneously interpreted the applicable statutes CT Page 7661 and regulations so as to exclude Carlos from the plaintiff's assistance unit.
The AFDC program emanates from the federal government under42 U.S.C. § 601 et seq. and is administered by the commissioner in Connecticut pursuant to General Statutes § 17-82d and the department of social services's Uniform Policy Manual. The UPM is a state regulation and, as such, carries the force of state law. Richards v. Commissioner, 214 Conn. 601
(1990).
The applicable federal statute, 42 U.S.C. § 609(a) provides, in relevant part, as follows:
 (a) . . . a child with respect to whom foster care maintenance payments . . . are made . . . under State or local law shall not, for the period for which such payments are made, be regarded as a member of a family for purposes of determining the amount of benefits of the family under this part.
 (b) Subsection (a) of this section shall not apply in the case of a child with respect to whom adoption assistance payments are made . . . if application of such subsection would reduce the benefits under this part of the family of which the child would otherwise be regarded as a member.
The state Uniform Policy Manual § 2005.20 provides, in relevant part, as follows:
 Certain individuals are excluded from participating in the AFDC program as members of the assistance unit. These exclusions take precedence over the mandatory inclusion requirements. The following individuals are excluded from the assistance unit: . . .
 E. a child for whom federal, state or local foster care maintenance payments are made;
 F. a dependent child who returns home for a visit of less than 30 consecutive days (from a CT Page 7662 foster home).
In the present case, the hearing officer held that the statute and regulations cited above require that Carlos be excluded from the plaintiff's AFDC assistance unit because DCF was making foster care maintenance payments in his behalf to the foster family and because his visits to the plaintiff's home were of less than 30 consecutive days duration.
The plaintiff argues that federal regulations, particular45 C.F.R. § 233.90(c)(v)(B), focus on the kind and amount of care furnished by a parent to the child, rather than on the amount of consecutive time the child stays in the parent's home. She, argues further that the hearing officer disregarded the degree of care that she furnished Carlos during the period of expanded visitation and erroneously based the decision on the "arbitrary rule" of 30 consecutive days visitation. Finally, the plaintiff argues that the commissioner misinterprets 609 of the federal statute. She claims that the sole purpose of the statute is to prevent the reduction of AFDC benefits to families who take in foster children addition to their own children, emphasizing subsection (b) of § 609 in particular.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light PowerCo. v. Dept. of Public Utility Control, 219 Conn. 51, 57-58
(1991). Similarly, "(w)ith regard to questions of fact, it is (not) the function of the trial court . . . to retry the case or to substitute its judgement for that of the administrative agency." Id. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital of St.Raphael v. Commission on Hospitals Health Care, 182 Conn. 314,318 (1980).
Another familiar and relevant principle of administrative law requires the court to give special consideration to the interpretation of statutes and regulations by administrative CT Page 7663 agencies that are responsible for enforcing them. "Although the construction and interpretation of a statute is a question of law for the courts to decide . . . it is a well established practice of (the) court to accord great deference to the construction given (a) statute by the agency charged with its enforcement."Starr v. Commissioner of Environmental Protection, 226 Conn. 358,372 (1993). "This principle applies with even greater force to an agency's interpretation of its own duly adopted regulations."Griffin Hospital v. Commission on Hospitals and Health Care,200 Conn. 489, 497 (1986). It is undisputed that the commissioner is responsible for enforcing the statutes and regulations in question. This court is required, therefore, to accord great deference to the commissioner's interpretation of them. This does not mean that the court must abdicate its adjudicative function in interpreting the law, but it does mean that where there are different but equally plausible interpretations of a statute or regulation, the court must give due deference to that followed by the administrative agency concerned. Starr v. Commissioner, supra 376.
After consideration of the arguments of the parties in this case, the court concludes that the commissioner's interpretation of the statutes and regulations, as applied to the facts of the case, is entirely reasonable. First, the commissioner's interpretation is in accordance with the plain words of the federal statute and the state regulations. These authorities clearly prohibit the plaintiff from receiving AFDC benefits for Carlos when the state is making foster care payments in his behalf and while he does not live with her for 30 consecutive days.
Secondly, there is an obvious rational basis for the provisions of the statutes and regulations as applied to the facts of this case. Although Carlos was spending significant time in his mother's home during the period in question and was indisputably burdening her limited financial resources, he was nevertheless legally in the care and custody of the department of children and families and his foster parents. The government, that is DCF, was obligated to pay the foster parents for his support and was doing so. Until that obligation was at an end, it would be unreasonable to require the, government through the commissioner, to make additional AFDC payments to the plaintiff.
Finally, as the commissioner points out in her brief to the court, the plaintiff's complaint might have been more properly CT Page 7664 directed at DCF at the time that agency devised the expanded visitation plan. General Statutes § 17a-15 provides a mechanism by which a parent may. contest DCF's treatment plan, presumably including the financial arrangements. The plaintiff's hardship in this case derived initially from the extra financial burden that the expanded visitation schedule imposed on her. DCF's response was to pay her the sum of $3.05 per day of visitation. If that sum was inadequate, as seems surely the case, the plaintiff's remedy would have been to contest it directly with DCF, rather than to petition the commissioner for AFDC benefits for which she was ineligible.
For all of the above reasons, the plaintiff's appeal is dismissed.
The court wishes to acknowledge that counsel for the parties in this case, including the law student intern, presented briefs and oral argument that were thoughtful and comprehensive and which were especially helpful to the court in reaching its decisions on the issues.
Maloney, J.