[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action is an administrative appeal from a decision of the Commissioner of the State of Connecticut Department of Labor ("Commissioner") reversing the Proposed Final Decision ("Draft Decision") of the Hearing Officer assigned by the Commissioner the conduct a hearing to adjudicate the plaintiff's complaint. The parties to this appeal include the plaintiff, Michelle Stocking ("Stocking"), the Commissioner and Aetna Life Insurance Company ("Aetna"). This appeal is authorized by Sec. 31-51ee-4 (e)(2) of the Connecticut General Statutes and the Uniform Administrative Procedures Act ("UAPA"), 4-166, et. seq.
Stocking on July 3, 1997, initiated a complaint with the Department of Labor alleging Aetna terminated her employment while she was exercising her rights under the Connecticut Family and Medical Leave Act ("CFMLA") Connecticut General Statutes Secs. 31-51gg et. seq. in effect in May of 1996. The Commissioner by letter of January 13, 1998 notified Stocking and Aetna of the receipt of the complaint: announced the appointment of Attorney Karen Halpern Hager as the hearing officer for the complaint; requested Aetna's response and scheduled a February 3, 1998 pre-hearing conference. The dispute was heard by hearing officer Hager as a contested case on February 24, March 10 and March 27, 1998. Attorney Hager issued a Draft Decision and both parties requested oral argument before the Commissioner on October 8, 1998. The Commissioner issued a final decision on April 26, 1999. Stocking is aggrieved by the final decision which reversed the Draft Decision of hearing officer Hager and dismissed the complaint. CT Page 5156
This appeal was filed on May 6, 1999. The Department of Labor filed the record on August 26, 1999 together with an answer to the complaint. Aetna filed an answer and special defense on August 25, 1999. Post hearing briefs were also submitted by the parties. The parties were heard in oral argument on November 13, 2000.
 SCOPE OF COURT REVIEW
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." In order to obtain reversal of an agency's decision, the plaintiff must demonstrate that he suffered "material prejudice as a result of this alleged procedural deficiency." Jutkowitz v. Department ofHealth Services, 220 Conn. 86, 94 (1991).
Furthermore, "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion."Conn. Light Power Co. v. Dept. of Public Utility Control, 219 Conn. 51,57-58 (1991). Similarly, "(w)ith regard to questions of fact, it is (not) the function of the trial court . . . to retry the case or to substitute its judgement for that of the administrative agency." Id. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken."Hospital of St. Raphael v. Commission on Hospitals Health Care,182 Conn. 314, 318 (1980).
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166
through 4-189), and the scope of that review is very restricted. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency]. . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotations marks omitted.) Board of Education v. Freedom of Information Commission,208 Conn. 442, 452 (1988). CT Page 5157
Nevertheless, where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." United Parcel Service, Inc. v. Administrator. UnemploymentCompensation Act, 209 Conn. 381, 385 (1988).
The familiar principles of administrative law summarized above present a formidable obstacle to the overturning by the court of an administrative agency's factual findings. Nevertheless, if the record does not contain sufficient substantial evidence to support those findings, the court must reject them. Dolgner v. Alander, 237 Conn. 272
(1996).
 JURISDICTION OF ADMINISTRATIVE AGENCY
"A claim that an administrative agency has acted beyond its statutory authority or jurisdiction properly may be the subject of an administrative appeal" . . . Where there is in place a mechanism for adequate judicial review, such as that contained in 4-183, "[i]t is [the] general rule that an administrative agency may and must determine whether it has jurisdiction in a particular situation. When a particular statute authorizes an administrative agency to act in a particular situation it necessarily confers upon such agency authority to determine whether the situation is such as to authorize the agency to act — that is, to determine the coverage of the statute — and this question need not, and in fact cannot, be initially decided by a court." GreaterBridgeport Transit District v. Local Union 1336, 211 Conn. 436, 439
(1989) (Citations and internal quotation marks omitted).
 SUBSTANTIAL EVIDENCE RULE
"The `substantial evidence' rule governs judicial review of administrative fact-finding under General Statutes § 4-183. . . . An administrative finding is supported by "substantial evidence' if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred . . . Such a standard of review allows less room for judicial scrutiny than does the "weight of the evidence' rule or the "clearly erroneous' rule. . . . In determining whether an administrative finding is supported by "substantial evidence, ' a court must defer to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part (Citations and internal quotation marks omitted). Briggs v. State EmployeesCT Page 5158Retirement Commission, 210 Conn. 214, 217 (1989). "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld."Conn. Building Wrecking Co. v. Carrothers, 218 Conn. 580, 601 (1991).
"In challenging an administrative agency action, the plaintiff has the burden of proof. . . . The plaintiff must do more than simply show that another decision maker, such as the trial court, might have reached a different conclusion. Rather than asking the reviewing court to retry the case de novo . . . the plaintiff must establish that substantial evidence does not exist in the record as a whole to support the agency's decision. In reviewing an . . . agency decision made pursuant to the (Uniform Administrative Procedure Act), the reviewing court must sustain the agency's determination if an examination of the record discloses evidence that supports any one of the reasons given. . . . The evidence, however, to support any such reason must be substantial; [t]he credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency. . . . This so-called substantial evidence rule is similar to the sufficiency of the evidence standard applied in judicial review of jury verdicts, and evidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . [I]t imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action. . . . The United States Supreme Court, in defining substantial evidence in the directed verdict formulation, has said that it is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. . . . The reviewing court must take into account [that there is] contradictory evidence in the record . . . but the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. . . ." (Citations omitted; internal quotation marks omitted.) Newtown v. Keeney,234 Conn. 312, 319-320 (1995), quoting Samperi v. Inlands WetlandsAgency, 226 Conn. 579, 587-588 (1993).
 EFFECT OF REGULATIONS
"(V)alidly enacted regulations of an administrative agency carry the force of statutory law." Griffin Hospital v. Commission on Hospitals andHealth Care, 200 Conn. 489, 497 (1986). The DIM policy manual is the equivalent of a state regulation and, as such, carries the force of law. General Statutes § 17-3f(c); Richards v. Commissioner, 214 Conn. 601
CT Page 5159 (1990). "[V]alidly enacted regulations of an administrative agency carry the force of statutory law." Griffin Hospital v. Commission on Hospitalsand Health Care, 200 Conn. 489, 497 (1986). "Regulations promulgated by an agency having authority to do so are presumed valid." Phelps DodgeCopper Products, Inc. v. Groppo, 204 Conn. 122, 134 (1987). "An agency which has authority to enact regulations is vested with a large measure of discretion and the burden of showing that an agency has acted improperly rests upon the one who asserts it . . . and courts are warranted in assuming that a reasonable and rational result was intended and must construe such regulations accordingly. . . . The burden of proving unconstitutionality is upon the plaintiff." (Citations omitted.)Page v. Welfare Commissioner, 170 Conn. 258, 263 (1976).
 DEFERENCE
"Although the construction and interpretation of a statute is a question of law for the courts to decide . . . it is a well established practice of (the) court to accord great deference to the construction given (a) statute by the agency charged with its enforcement." Starr v.Commissioner of Environmental Protection, 226 Conn. 358, 372 (1993). "This principle applies with even greater force to an agency's interpretation of its own duly adopted regulations." Griffin Hospital v.Commission on Hospitals and Health Care, 200 Conn. 489, 497 (1986). It is undisputed that the Waterbury Retirement Board is responsible for enforcing the statutes and regulations in question. This court is required, therefore, to accord great deference to the interpretation of those statutes and regulations given by the Waterbury Retirement Board. This does not mean that the court must abdicate its adjudicative function in interpreting the law, but it does mean that where there are different but equally plausible interpretations of a statute or regulation, the court must give due deference to that followed by the administrative agency concerned. Starr v. Commissioner, supra 376.
Where, on the other hand, the court determines that an agency's interpretation of a statute is not plausible or reasonable, the court should not defer to such interpretation. Bridgeport Hospital v.Commission on Human Rights and Opportunities, 232 Conn. 91, 109-110.
The parties entered into a Corrected Stipulated Agreement Between The Parties (R1) wherein the relevant work history of the plaintiff with Aetna was recited. This document was before the hearing officer. The plaintiff initiated a complaint following her termination with the Wage and Workplace Standards Division of the Department of Labor (R4). Following an investigation they concluded that there was no reason to believe that a violation of the Family and Medical Leave Act had occurred. The plaintiff's request for a hearing followed. CT Page 5160
Prior to her request for leave the plaintiff's employment unit was notified that they would have to terminate an employee because of "downsizing" throughout Aetna. While the plaintiff was exercising her rights under CFMLA all of the employees in her unit were evaluated and the plaintiff scored last. The bottom three employees were further evaluated and again the plaintiff scored last. The plaintiff argues that notwithstanding the evaluation Aetna had no right to terminate her because of the provisions of the applicable version of the CFMLA. Note: the Act was subsequently amended to allow employers to terminate employees because of "economic necessity." Thus the plaintiff claims a per se violation. The court disagrees and finds that an employer could terminate the plaintiff. Further, a review of the Commissioner's hearing (R70) fails to substantiate the plaintiff's claim that the Commissioners' comments were in any material way harmful to the plaintiff.
Accordingly, the appeal is dismissed.
John R. Caruso, J.